UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHANIEL BOLDEN[1]                                CIVIL ACTION

VERSUS                                             NO. 08-0728

ORLEANS PARISH JAIL, ET AL.                        SECTION: "N" (4)

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b) and (c) and 1915A** and, as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. The Court has determined that these matters can be resolved without an Evidentiary Hearing.

**I.     Factual Background**

Nathaniel Bolden ("Bolden"), a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the "Orleans Parish Jail," Chief Rudy, and unidentified Orleans Parish Sheriff's deputies. In this lawsuit, Bolden claims that he was forced to endure unconstitutional conditions of confinement while incarcerated within the Orleans Parish Prison system.

In the complaint, Bolden alleges that the Orleans Parish Prison officials left him to die in the jail during Hurricane Katrina. He further alleges that he was on the "New Orleans Bridge" near

---

[1] On the first page of his Complaint, the Plaintiff spelled his first name as "Nathanil". However, on his Pauper Application, his first name is spelled "Nathaniel".

the jail for a total of three days without food or clothing. He complains that he contracted a staph infection and Hepatitis C as a result of his contact with the contaminated flood waters. He also complains that, as a result of not having medications during that period, he suffered a stroke which has permanently affected his ability to walk. Lastly, he alleges that he suffers from post-traumatic stress syndrome and nightmares due to the inhumane conditions he endured. As relief, he seeks monetary damages.

## II. Standards of Review

Pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court is required to screen complaints filed by prisoners concerning prison conditions and to dismiss those complaints *sua sponte* if they are frivolous or if they fail to state a claim on which relief may be granted.

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing Bolden's complaint,[2] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

### III. Analysis

#### A. Prescription

As a preliminary matter, the court notes that Bolden's claims are prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); *see also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Smith v. Orleans Parish Prison*, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. City of San Antonio, Texas*, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); *see also Smith*, 2008 WL 2951279, at *1.

In this lawsuit, Bolden's claims are based on the conditions he endured in the immediate aftermath of Hurricane Katrina in August and September of 2005. However, his complaint was filed no earlier than January 16, 2008,[3] over two years later. Accordingly, his claims prescribed before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. *See, e.g., Brown v. Pool*, 79 Fed. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157

---

[2] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[3] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, January 16, 2008.

3

F.3d 1016, 1019-20 (5th Cir. 1998); *Smith*, 2008 WL 2951279, at *2; *Francis v. United States*, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

Nevertheless, even if the claims were not prescribed, they still would still fail for the following additional reasons.

### B. "Orleans Parish Jail"

In the caption of the complaint, Bolden indicates that he is naming the Orleans Parish Prison (which he refers to as "Orleans Parish Jail") as a Defendant. However, the claims against that Defendant are improper and must be dismissed because "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Castillo v. Blanco*, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see also Smith v. Orleans Parish Prison,* Civ. Action No. 08-3786, 2008 WL 2951279 (E.D. La. July 25, 2008)*; Francis v. United States,* Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n.4 (E.D. La. Aug. 13, 2007); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Cullen v. DuPage County*, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Administration*, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

### C. Chief Rudy

In this lawsuit, Bolden complains that the conditions of his confinement in the aftermath of Hurricane Katrina constituted cruel and unusual punishment. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). However, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In order to prove that the conditions of his confinement violated the Constitution, an inmate must show that, from an objective standpoint, he was denied "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted, or failed to act, with deliberate indifference to those needs. *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 647-48 (5th Cir. 1996).

Although Chief Rudy was a supervisory official within the Orleans Parish Prison system at the time of Hurricane Katrina, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Rather, Chief Rudy may be held liable under § 1983 only if he was personally involved in depriving Bolden of his constitutional

rights or if a causal connection exists between an act of Chief Rudy and the alleged constitutional violation. *See Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). In the instant case, it is not alleged that Chief Rudy was personally involved in the acts about which Bolden complains.

Furthermore, to the extent Bolden asserts that Chief Rudy acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Allegations amounting to negligence simply cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a *constitutional* tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.") (emphasis in original), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994).

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to inmates' health and safety in violation of the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847

(1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). In this case, Bolden has made no such showing of an intentional indifference to a known risk to his safety by Chief Rudy during the unprecedented flooding resulting from the levee breaches after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history.

### D. The Unidentified Orleans Parish Sheriff's Deputies

Lastly, in the caption of the complaint, Bolden indicates that he is also naming as Defendants unidentified Orleans Parish Sheriff's deputies. In addition to the fact that the claims against those Defendants are prescribed for the reasons previously explained, they also fail for at least two other reasons as well.

First, a §1983 action must be filed against an actual identified person. Because Bolden cannot pursue a lawsuit against unidentified individuals, his claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Vollmer v. Bowles*, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997).

Second, Bolden's allegations are insufficient to state a claim against the unidentified deputies. The United States Fifth Circuit Court of Appeals has noted: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to

7

a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, as previously noted, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, Bolden has made no allegations whatsoever concerning the deputies or their personal involvement in the events on which the instant claims are based.

### III.     Recommendation

It is therefore **RECOMMENDED** that the claims of Nathaniel Bolden against the Orleans Parish Jail, Chief Rudy, and the unidentified Orleans Parish Sheriff's deputies be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1) as frivolous and for otherwise failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of January, 2009

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**